UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

THOMAS MELONE,                                    )
              Plaintiff,                          )
                                                  )
         v.                                       )    Case No. 2:26-cv-00038
                                                  )
MICHAEL F. HANLEY; CAROLYN                        )
ANDERSON, in her capacity of Chair of             )
the Vermont Professional Responsibility           )
Board; JON ALEXANDER, in his official             )
capacity of Disciplinary Counsel of the           )
Vermont Professional Responsibility Board;        )
JANE DOE; ALEXANDER SHRIVER                        )
and BRIAN BANNON, in their official               )
capacities as members of Hearing Panel            )
assigned to PRD Case 120-2025,                    )
              Defendants.                          )

## <u>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECUSAL</u>

The Defendants oppose Plaintiff's motion for recusal.

### Memorandum

Plaintiff is an attorney licensed to practice law in Vermont. *See* Compliant. He brought

this suit seeking to enjoin on-going state attorney disciplinary proceedings against him. *Id.*

Plaintiff has filed a motion seeking to disqualify every federal judge in this District from hearing

this matter. However, he provides no legitimate justification for this request. The sole basis of

Plaintiff's motion – that the judges in this district have ruled against him in prior cases – is not a

valid basis for recusal and should be rejected.

To require disqualification, Plaintiff must show that a judge's impartiality "might

reasonably be questioned." 28 U.S.C. § 455. But simply having ruled against Plaintiff in prior

cases does not establish bias.

The Second Circuit long ago held that "adverse rulings by a judge" do not "per se create the appearance of bias under section 455(a)." *In re Int'l Bus. Machines Corp.*, 618 F.2d 923, 929 (2d Cir. 1980). As the Court explained, "a trial judge must be free to make rulings on the merits without the apprehension that if he makes a disproportionate number in favor of one litigant, he may have created the impression of bias. Judicial independence cannot be subservient to a statistical study of the calls he has made during the contest." *Id.*

The Court therefore held "that under section 455(a) the bias to be established must be extrajudicial and not based upon in-court rulings." *Id.* "As the Supreme Court noted in *Ex parte American Steel Barrel Co.*, 230 U.S. 35, 44, 33 S.Ct. 1007, 1010, 57 L.Ed.2d 1379 (1913), '(The recusal statute) was never intended to enable a litigant to oust a judge for adverse rulings made, for such rulings are reviewable otherwise.'" *Id.*

Plaintiff alleges nothing to establish the personal bias of any judge of this district, let alone all of them. He cannot rely on prior adverse decisions to show bias.

Nor is any familiarity with underlying facts obtained from sitting as a judge in other matters a reason to disqualify any judge. To justify recusal, knowledge of relevant facts must have been obtained in an extrajudicial capacity, that is, outside the judge's official role. "Unlike a situation in which a trial judge has knowledge of disputed evidence gained from an extrajudicial source," a judge who has "gained knowledge of disputed facts during [ ] previous" judicial proceedings has no basis for recusal. *United States v. Carlton*, 534 F.3d 97, 101 (2d Cir. 2008). "Knowledge acquired by the judge while he performs judicial duties does not constitute grounds for disqualification." *United States v. Coven,* 662 F.2d 162, 168 (2d Cir. 1981); *see also United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710 (1966) ("to be

disqualifying" an asserted basis for recusal "must stem from an extrajudicial source" not from "what the judge learned from his participation in the case.").

## Conclusion

Plaintiff provides no legitimate reason why any judge of this district should recuse themselves. His motion should be denied.


DATED at Montpelier, Vermont, this 30th day of March 2026.

> STATE OF VERMONT
>
> CHARITY R. CLARK
> ATTORNEY GENERAL
>
> By:    */s/ David Groff*
>          David Groff
>          Assistant Attorney General
>          Office of the Attorney General
>          109 State Street
>          Montpelier, VT 05609-1001
>          (802) 828-1101
>          David.Groff@vermont.gov
>
> Counsel for Defendants