UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

THOMAS MELONE,                            )
        Plaintiff,                       )
                                         )
        v.                               )   Case No. 2:26-cv-00038
                                         )
MICHAEL F. HANLEY; CAROLYN                 )
ANDERSON, in her capacity of Chair of      )
the Vermont Professional Responsibility    )
Board; JON ALEXANDER, in his official      )
capacity of Disciplinary Counsel of the    )
Vermont Professional Responsibility Board; )
JANE DOE; ALEXANDER SHRIVER               )
and BRIAN BANNON, in their official        )
capacities as members of Hearing Panel     )
assigned to PRD Case 120-2025,             )
        Defendants.                      )

**MOTION TO DISMISS**

The Defendants move to dismiss this case, pursuant to F.R.Civ.P. 12(b)(1) and (6), because this Court should abstain from exercising jurisdiction under the *Younger* abstention doctrine.

**Memorandum**

Plaintiff is an attorney licensed to practice law in Vermont. *See* Complaint ¶ 9. He is currently the subject of ongoing attorney disciplinary proceedings before a disciplinary panel of the Vermont Professional Responsibility Board ("PRB"). *Id.* ¶¶ 25-28. He filed this suit naming members of the PRB disciplinary panel, the chair of the PRB, the PRB's Disciplinary Counsel, and its Acting Disciplinary Counsel. *Id.* He claims that the disciplinary proceedings are improperly motivated and violate his constitutional rights. *Id.* ¶¶ 1-8; For relief, he seeks an injunction preventing the disciplinary proceedings and precluding disciplinary charges from

being brought against him, as well as declaring various rules of the Professional Responsibility Program to be unconstitutional. *Id.*, Prayer for Relief, A-J.

Plaintiff's claims must be dismissed. It is well-settled that the *Younger* abstention doctrine bars federal courts from entertaining lawsuits that seek to enjoin or otherwise collaterally attack certain on-going state court proceedings. As discussed below, *Younger* applies to attorney disciplinary proceedings, and the proceedings here fall squarely within the requirements for abstention.

## I.      The Vermont Professional Responsibility Program

The Vermont Supreme Court has "disciplinary authority concerning all judicial officers and attorneys at law in the State." Vt. Const. ch. II, § 30; *see also In re Manby*, 2023 VT 45, ¶ 24, 218 Vt. 323, 337–38, 308 A.3d 465, 478. To carry out that authority, the Supreme Court adopted Administrative Order 9 ("AO 9"), which establishes and outlines the Vermont Professional Responsibility Program, and creates the Vermont Professional Responsibility Board ("PRB"). *See* Supreme Court AO 9. The preamble of AO 9 provides that: "[u]nder the constitutional authority of the Supreme Court of Vermont" in order "to structure and administer the lawyer discipline and disability system," "[t]he Professional Responsibility Program is established to provide a comprehensive system of regulation of the legal profession." AO 9, Preamble. The objectives of the program are:

> **(1)** to assist attorneys and the public by providing education, guidance, referrals, and other information designed to achieve, maintain, and enhance professional competence and professional responsibility;

> **(2)** to resolve disciplinary complaints against attorneys through fair and prompt dispute resolution procedures; and

> **(3)** to investigate and discipline attorney misconduct.

*Id.*; *see also* AO 9, Rule 4.

2

The Supreme Court has explained that "the Vermont Rules of Professional Conduct are intended to protect the public from persons unfit to serve as attorneys and to maintain public confidence in the bar." *In re McCoy-Jacien*, 2018 VT 35, ¶ 2, 207 Vt. 624, 629, 186 A.3d 626, 632 (quoting *In re PRB Docket No. 2006-167*, 2007 VT 50, ¶ 9, 181 Vt. 625, 925 A.2d 1026 (mem.) and *In re Berk*, 157 Vt. 524, 532, 602 A.2d 946, 950 (1991) (citation modified). "The purpose of sanctions is not to punish attorneys, but rather to protect the public from harm and to maintain confidence in our legal institutions by deterring future misconduct." *Id.* (quoting *In re Obregon*, 2016 VT 32, ¶ 19, 201 Vt. 463, 145 A.3d 226; and *In re Hunter*, 167 Vt. 219, 226, 704 A.2d 1154, 1158 (1997) (citation modified)).

Rule 13 of AO 9 lays out a hearing process to adjudicate claims of attorney misconduct. The Rule provides for notice, the right to counsel, and the right to present evidence and cross-examine witnesses among other things. AO 9, Rule 13(D)(4)(5). The Rule also provides that all hearing panel decisions are appealable to the Supreme Court as a matter of right. AO9, Rule 13(E).

Because the Supreme Court "bear[s] ultimate responsibility for the discipline of Vermont attorneys," it is not bound by the decisions of a disciplinary panel nor is it bound by the legal determinations of a panel. *In re Manby*, 2023 VT 45, ¶ 24, 218 Vt. 323, 337–38, 308 A.3d 465, 478 (citing *In re Kulig*, 2022 VT 33, ¶ 30, 216 Vt. 514, 525, 282 A.3d 926, 934). The Court reviews legal determinations of the Board *de novo*. *Id.*

## II.    This Court must abstain from hearing this case.

It is well-settled that federal courts should abstain from hearing a case when that case calls into question on-going state attorney disciplinary proceedings. The so-called *Younger* abstention doctrine embodies "a strong federal policy against federal-court interference with

3

pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S. Ct. 2515, 2521 (1982). The doctrine is rooted in principles of federalism and comity. *Id.* It recognizes that, in our federal system, it is critical for the federal courts to maintain "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44, 91 S. Ct. 746, 750 (1971).

While *Younger* itself involved a state criminal proceeding, "the same comity and federalism concerns are equally applicable to state administrative proceedings in which important state interests are vindicated." *Spargo v. New York State Comm'n on Jud. Conduct*, 351 F.3d 65, 75 (2d Cir. 2003) (*quoting Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.,* 477 U.S. 619, 627 (1986) (citation modified)).

Two Supreme Court decisions outline when a District Court should abstain under *Younger*. In *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013), "the Court clarified that district courts should abstain from exercising jurisdiction only in three exceptional circumstances involving (1) ongoing state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Falco v. Justs. of the Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015) (quoting *Sprint*, 571 U.S. 69, 78) (citation modified).

When a proceeding fits into one of those categories, then the court should next apply what are referred to as the *Middlesex* factors. Under those factors, "*Younger* abstention is

mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Spargo*, 351 F.3d at 75 (citing *Diamond "D" Constr. Corp. v. McGowan,* 282 F.3d 191, 198 (2002)); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n.,* 457 U.S. 423, 434–35 (1982).

Applying those principles, Courts have repeatedly found that the *Younger* doctrine requires federal courts to abstain in cases that implicate on-going state professional disciplinary proceedings, specifically including attorney disciplinary proceedings. *See, e.g., Rosellini v. Wilcox*, No. 22-2610, 2025 WL 401206, at *3 (3d Cir. Feb. 5, 2025), *cert. denied,* No. 25-584, 2026 WL 135716 (U.S. Jan. 20, 2026) (attorney discipline); *Roshan v. McCauley*, 130 F.4th 780, 782–84 (9th Cir. 2025), *cert. denied,* No. 25-683, 2026 WL 490832 (U.S. Feb. 23, 2026) (real estate licensee discipline); *Wassef v. Tibben*, 68 F.4th 1083, 1088 (8th Cir. 2023) (physician disciplinary proceedings); *Igbanugo v. Minn. Off. Of Laws. Pro. Resp.*, 56 F.4th 561, 565–66 (8th Cir. 2022) (attorney discipline); *Klayman v. Fox*, No. CV 18-1579 (RDM), 2019 WL 2396538, at *7 (D.D.C. June 5, 2019), *aff'd sub nom. Klayman v. Lim*, 830 F. App'x 660 (D.C. Cir. 2020) (attorney discipline); *Spargo*, 351 F.3d at 74–75 (judicial discipline); *Anonymous v. Assoc. of the Bar of City of New York,* 515 F.2d 427, 432 (2d Cir. 1975) (attorney discipline); *Miller v. Sutton*, No. 3:15-CV-1111 (MPS), 2016 WL 3976540, at *12 (D. Conn. July 21, 2016), *aff'd,* 697 F. App'x 27 (2d Cir. 2017) (attorney discipline). This Court came to the same conclusion in *Kennedy v. Rockwell*, No. 1:12-CV-36, 2012 WL 3637237, at *3–4 (D. Vt. Aug. 21, 2012) (holding that *Younger* required abstention when a state administrative attorney disciplinary matter was pending).

Indeed, *Middlesex* itself involved an underlying state administrative attorney disciplinary proceeding. *See Middlesex,* 457 U.S. at 428. And while the Court's decision in *Sprint* may fairly be read to have narrowed the scope of *Younger, Sprint* itself recognized the continuing validity of the holding in *Middlesex* that federal courts should abstain when the case implicates on-going attorney disciplinary proceedings. *Sprint*, 571 U.S. at 79 (favorably citing *Middlesex* as an example of a "civil enforcement proceeding" to which *Younger* abstention should apply).

As to the *Sprint* requirements, attorney disciplinary proceedings fit both the second and third categories of cases to which *Younger* applies: they are "civil enforcement proceedings," (*Sprint* category 2), and "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions," (*Sprint* category 3). *Falco,* 805 F.3d at 427 (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78, 134 S.Ct. 584, 592 (2013) (citation modified).

The civil enforcement proceedings to which *Younger* applies are those that are "akin to a criminal prosecution" in "important respects." *Sprint*, 571 U.S. at 79 (quoting *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 604, 95 S. Ct 1200, 1208 (1975)). The Court identified several characteristics of proceedings entitled to abstention including that they "are characteristically initiated to sanction the federal plaintiff… for some wrongful act[;]" that "a state actor is routinely a party to the state proceeding and often initiates the action[;]" that the proceedings commonly involved pre-filing investigations by the state; and that the proceedings "culminat[e] in the filing of a formal complaint or charges." *Id.* at 79-80. All of these features are present here. *See* Complaint; AO 9, Rule 13.

Moreover, attorney disciplinary proceedings unquestionably involve "orders …uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at

78. The regulation of the bar, with a goal to maintaining public confidence in the judiciary, is of paramount importance to the State. As the Second Circuit noted in an early case holding that District Courts should abstain from interfering in state court attorney discipline:

> the integrity of the bar is of public concern and the state which licenses those who practice in its courts, and which is the only body that can impose sanctions upon those admitted to practice in its courts, should not be deterred or diverted from the venture by the interloping of a federal court.

*Anonymous v. Ass'n of the Bar of City of New York,* 515 F.2d 427, 432 (2d Cir.1975).

Similarly, cases impacting attorney disciplinary proceedings easily meet the *Middlesex* test. As mentioned above, under those factors, "*Younger* abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Spargo*, 351 F.3d at 75 .

Here, the Complaint itself alleges that a disciplinary proceeding is pending; meeting the first criteria. *See* Complaint ¶ 28. Second, there can be no question that attorney discipline proceedings impact critical state interests. "Indeed, few interests can be considered more central than a state's interest in regulating its own judicial system." *Spargo*, 351 F.3d at 75. And finally, an attorney who is subject to a disciplinary proceeding can assert federal constitutional defenses both before a hearing panel and on appeal to the Supreme Court. *See* AO 9, Rule 13; *see also, e.g., In re Watts*, 2024 VT 48, ¶ 19, 219 Vt. 598, 607, 325 A.3d 108, 116–17 (addressing constitutional due process claims in appeal of attorney disciplinary matter); *In re Manby*, 2023 VT 45, ¶ 25, 218 Vt. 323, 338, 308 A.3d 465, 478 (same). As described above, numerous courts including this court, the Second Circuit, and the Supreme Court, have found that *Younger* abstention applies to cases that impact underlying state attorney disciplinary proceedings. *See supra* 5-6.

Nor is this the exceptionally rare case where the Court should not abstain because of alleged bad faith of state officials in pursuing the underlying proceeding. To meet this standard, Plaintiff must plausibly allege that the state authorities initiating the underlying proceedings "have no reasonable expectation of obtaining a favorable outcome" and that the disciplinary proceeding lacks any legitimate purpose. *Diamond "D"*, 282 F.3d at 199.

Here, Plaintiff alleges no such plausible facts. While heavy on conspiratorial claims, the Complaint ultimately describes only Plaintiff's disagreement with the allegations against him and with various administrative and judicial decisions that were not decided in his favor. *See* Complaint. Plaintiff makes no plausible showing that the disciplinary proceedings were brought in bad faith or that they have no reasonable expectation of success.

## Conclusion

For these reasons, Defendants respectfully request that the case be dismissed for lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted.

DATED at Montpelier, Vermont, this 2nd day of April 2026.

STATE OF VERMONT

CHARITY R. CLARK
ATTORNEY GENERAL

By:   */s/ David Groff*
David Groff
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-1101
David.Groff@vermont.gov

Counsel for Defendants

9