UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

THOMAS MELONE,                              )
          Plaintiff,                       )
                                           )
      v.                                  )         Case No. 2:26-cv-00038
                                           )
MICHAEL F. HANLEY; CAROLYN                  )
ANDERSON, in her capacity of Chair of       )
the Vermont Professional Responsibility     )
Board; JON ALEXANDER, in his official       )
capacity of Disciplinary Counsel of the     )
Vermont Professional Responsibility Board;  )
JANE DOE; ALEXANDER SHRIVER                 )
and BRIAN BANNON, in their official         )
capacities as members of Hearing Panel      )
assigned to PRD Case 120-2025,              )
          Defendants.                      )

**DEFENDANTS' REPLY TO
PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS**

The Defendants have moved to dismiss this case, pursuant to F.R.Civ.P. 12(b)(1) and (6),

because this Court should abstain from exercising jurisdiction under the *Younger* abstention

doctrine. Plaintiff has opposed the motion. Defendants submit the following memorandum of law

in reply to Plaintiff's Opposition.

**Memorandum of Law**

Plaintiff is an attorney licensed to practice law in Vermont. *See* Complaint ¶ 9. He is

currently the subject of ongoing attorney disciplinary proceedings before a disciplinary panel of

the Vermont Professional Responsibility Board ("PRB"). *Id.* ¶¶ 25-28. Plaintiff filed this suit

challenging the disciplinary proceeding, the rules of the Professional Responsibility Board, and

seeking to enjoin the PRB from holding him accountable for complying with the disciplinary

rules. For relief, he seeks to enjoin the state proceeding. *Id.*, Prayer for Relief, A-J.

As explained in the motion to dismiss, this case is barred by the *Younger* abstention doctrine and must be dismissed. As described in the motion to dismiss, numerous courts, including this court, the Second Circuit, and the Supreme Court, have found that *Younger* abstention applies to cases that impact underlying state attorney disciplinary proceedings. *See* Motion to Dismiss, 5-6. The same conclusion should be reached here.

Plaintiff's 45-page Opposition does primarily two things: 1) piles speculation on speculation in a failed attempt to plausibly show the bad faith needed to avoid abstention; and 2) makes a series of merits arguments that must be made in the state court proceeding before they can be made here – that is the purpose of abstention. *See* Opposition. The Opposition does nothing to show that the Court should not abstain here.

## I.    Plaintiff has not made a plausible showing of bad faith.

Plaintiff's Opposition is long on speculation regarding the motives of various individuals involved in certain steps of the disciplinary process, but asserts no plausible factual basis to show that the proceedings were brought "[without] a reasonable expectation of obtaining a favorable outcome," as he must to show bad faith. *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002) (quoting *Cullen v. Fliegner,* 18 F.3d 96, 103 (2d Cir. 1994)); *see also Saltis v. NuVasive, Inc.*, No. 2:19-CV-89, 2020 WL 4689787, at *1 (D. Vt. Mar. 13, 2020) ("To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (citation modified).

Plaintiff points out that the initial report was made by an attorney representing an opponent in litigation. *See* Opposition, 4. But it is hardly surprising that a report of alleged

2

misconduct would be made by an adversarial attorney. Such a situation does not plausibly demonstrate bad faith.

Next, Plaintiff complains that Disciplinary Counsel recused himself. But recusal is a way to avoid potential conflicts, not a demonstration of bad faith. Plaintiff likewise complains about the appointment of conflict counsel and various other procedural appointments.[1] He mentions lawsuits previously filed against conflict disciplinary counsel that have nothing to do with Plaintiff or the underlying disciplinary charges. *See* Opposition, 5. He mentions working contacts between the spouses of PRB volunteer attorneys, and notes that some attorneys involved sometimes represent companies involved in the utilities business. *See* Opposition, 5-7. But none of that plausibly would show, even if true, that the proceedings against Plaintiff lack a reasonable expectation of a favorable outcome. The allegations merely show the normal operation of professional regulation in a small state. They have no tendency to show personal bias against the Plaintiff or that the charges against him are not well founded.

While Plaintiff's filings are full of irrelevant allegations and wild speculation, they are devoid of anything that could plausibly show bias or a lack of a reasonable basis for the disciplinary charges. As recently explained in an order of the Hearing Panel in Plaintiff's disciplinary case:

> in the hundreds of pages of various motions and memoranda filed by the Respondent, he has not been able to provide a scintilla of evidence that some sort of agreement or conspiracy exists between Ms. Bent or any other person and the [Professional Responsibility Board], the [Professional Responsibility Program], or [Conflict Disciplinary Counsel] to use the disciplinary process to punish him for any protected activity.

---

[1] The Vermont Supreme Court recently rejected Plaintiff's petition for extraordinary relief in which he claimed that the actions of the Vice Chair of the Professional Responsibility Board, acting after the recusal of the Chair, were void. *See In re Thomas Melone*, 26-AP-145, Entry Order, May 11, 2026.

*In re Melone*, PRB File No. 120-2025, PRB Hearing Panel Order quashing McNamara Subpoena, 3 (attached). The same is true here. Plaintiff's filings are based entirely on speculation, coincidence and supposition and are insufficient to plausibly allege bad faith.

The Chair of the Hearing Panel further explained how the multiple levels of review before disciplinary charges are filed defeated any claim by the Plaintiff that the charges were brought in bad faith:

> To begin with, the Petition of Misconduct is several steps removed from any complainant or complaint about Respondent's conduct. Any complaint received by the Professional Responsibility Program is first reviewed by a screening attorney. If screening counsel believes that "an investigation is warranted," the matter is referred to disciplinary counsel. A.O. 9, Rule 13 (A). Following an investigation disciplinary counsel may initiate formal disciplinary proceedings. A.O. 9, Rule 13 (B). Disciplinary counsel's decision to proceed with a petition of misconduct must be reviewed for probable cause by one of ten hearing panels assigned by the Chair of PRB on a rotating basis. A.O. 9, Rule 13 (C). If the hearing panel finds probable cause, disciplinary counsel is authorized to present formal charges which are heard by a different hearing panel. A.O. 9, Rules 13 (C) and (D) (1). Thus, the Petition of Misconduct is insulated from the complainant by six discrete actions: 1. Screening of the complaint by screening counsel. 2. Investigation by disciplinary counsel. 3. Decision by disciplinary counsel to seek probable cause determination. 4. Finding of probable cause by a hearing panel 5. Filing of Petition by disciplinary counsel 6. Determination of misconduct or absence of misconduct by a second hearing panel. Each of the entities involved in the process acts independently: screening counsel, disciplinary counsel, probable cause hearing panel, and Petition hearing panel.

PRB Order quashing McNamara Subpoena, 3-4.

In the face of this multi-layered review by multiple uninterested professionals, Plaintiff offers only speculation and unjustified assumptions of bad faith. His allegations fail to make a plausible showing of bad faith.

## II.   Plaintiff can assert his federal claims in the state proceeding.

Plaintiff also argues that this Court should not abstain because he cannot raise interlocutory constitutional challenges in PRB proceedings. *See* Opposition at 26-27. First, Plaintiff misstates the standard for determining whether abstention is appropriate. Abstention is warranted when "the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Spargo v. New York State Comm'n on Jud. Conduct*, 351 F.3d 65, 75 (2d Cir. 2003) (citing *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002)); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 434–35 (1982). There is no requirement that the review be available on an interlocutory basis, as Plaintiff contends. While the Supreme Court did note in *Middlesex* that the New Jersey Supreme Court provided interlocutory review in that case, it was the availability of review in the State Court system, not the availability of an interlocutory remedy, that was important. *Id.*

Second, Plaintiff's evidence to support his claim that interlocutory appeal is not available – that he has already sought interlocutory appellate review three times in the underlying matter, and the Supreme Court has rejected his claims – does not support his assertion. The fact that the Supreme Court has already ruled on three related petitions for extraordinary relief shows that review *is* available, not its lack. The fact that Plaintiff has lost those reviews relates to the merits of his claims, not the availability of review.

As described in the motion to dismiss, Plaintiff can assert his federal challenges to the disciplinary rules and charges in the state proceeding. An attorney who is subject to a disciplinary proceeding can assert federal constitutional defenses both before a hearing panel and on appeal to the Supreme Court. *See* AO 9, Rule 13; *see also, e.g., In re Watts*, 2024 VT 48,

¶ 19, 219 Vt. 598, 607, 325 A.3d 108, 116–17 (addressing constitutional due process claims in appeal of attorney disciplinary matter); *In re Manby*, 2023 VT 45, ¶ 25, 218 Vt. 323, 338, 308 A.3d 465, 478 (same). Plaintiff's arguments to the contrary are unsupported and should be rejected.

### III.   Plaintiff's attempts to argue the merits miss the point and should be made in the state court proceeding.

The remainder of Plaintiff's Opposition consists of arguments directed to the merits of the disciplinary charges filed against him, not to whether this Court should abstain. But those merits arguments should be asserted and decided in the state court proceeding before Plaintiff can turn to a federal forum. That is the purpose of the *Younger* abstention doctrine and as discussed in the motion to dismiss, all of the elements of abstention are present here. *See* Motion to Dismiss, 3-8.

Plaintiff characterizes these arguments in different ways, but regardless of the characterization, they are merits arguments, not arguments about the applicability of *Younger*. For example, Plaintiff argues that each of the disciplinary rules he has been charged with violating is a content-based restriction that violates the First Amendment and that Defendants have not justified those rules under strict scrutiny. *See, e.g.,* Opposition, 33-39. Similarly, Plaintiff's claim that he is entitled to *Noerr-Pennington* immunity is also a merits argument – it is a substantive defense to the disciplinary charges, not a reason to evade abstention. Likewise, his argument that First Amendment protections bar his claims goes to the merits of the disciplinary charges, not to the propriety of abstention. *See, e.g.,* Opposition, 39-41.

None of these arguments have anything to do with abstention. To address them here would defeat the purpose of the abstention doctrine. The elements of abstention are met in this case. *See* Motion to Dismiss, 3-8. It is well-settled that abstention applies to attorney disciplinary

cases. Plaintiff must make his substantive arguments in the State proceeding, not in this collateral attack.

**IV.    Plaintiff's other arguments should be rejected.**

Plaintiff's other arguments are likewise without merit. In two sections of his opposition, he argues that abstention is unconstitutional. *See* Opposition, 30-32, 42-45. It is not necessary to discuss the merits of these arguments, other than to say that they are foreclosed by the precedents of the Supreme Court and the Second Circuit, each finding that abstention is warranted in circumstances like those present here. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n.,* 457 U.S. 423, 434–35 (1982)*; Spargo v. New York State Com'n on Jud. Conduct*, 351 F.3d 65, 75 (2d Cir. 2003).

Plaintiff argues that abstention violates the Seventh Amendment. Opposition, 14-16. His argument lacks any legal authority; he fails to cite a single case holding that the right to a jury trial is relevant to the applicability of abstention. Moreover, the argument flies in the face of *Middlesex*, *Spargo*, and the body of caselaw finding that federal courts should abstain when attorney disciplinary proceedings are pending. *Id.*; *see also* Motion to Dismiss, 3-8.

Plaintiff's argument that some of the relief he seeks is not available in a PRB proceeding likewise misses the point. *See* Opposition, 32-33. The question is not whether Plaintiff can get the relief he seeks, in this case, in the state proceeding. The question is whether this proceeding would interfere with the State's important interests in the underlying proceeding.

## Conclusion

For these reasons and the reasons discussed in the motion to dismiss, Defendants respectfully request that the case be dismissed for lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted.

DATED at Montpelier, Vermont, this 18th day of May 2026.

STATE OF VERMONT

CHARITY R. CLARK
ATTORNEY GENERAL

By:    */s/ David Groff*
David Groff
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-1101
David.Groff@vermont.gov

Counsel for Defendants

8